1 | BRIAN T. DUNN, ESQ. (SBN 176502)
Email: bdunn@cochranfirm.com
2 | MEGAN R. GYONGYOS, ESQ. (SBN 285476)
3 | Email: mgyongyos@cochranfirm.com
THE COCHRAN FIRM CALIFORNIA
4 | 4929 Wilshire Boulevard, Suite 1010
5 | Los Angeles, California 90010-3856
Telephone: (323) 435-8205
6 | Facsimile: (323) 282-5280
7 | Attorneys for Plaintiff, LESLIE LARAY CRAWFORD

THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

8 | **UNITED STATES DISTRICT COURT**

9 | **EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 10 LESLIE LARAY CRAWFORD, 11 individually and as Successor in Interest to MICHAEL LARAY DOZER, 12 deceased, | **CASE NO.: 1:14-cv-01735-SAB** [Assigned to the Hon. Stanley A. Boone, United States Magistrate Judge] |
| 13          Plaintiff, 14 v. | |
| 15 CITY OF BAKERSFIELD, a municipal entity, OFFICER AARON STRINGER, 16 an individual, and DOES 1 through 10, 17 inclusive, | **FIRST AMENDED COMPLAINT FOR DAMAGES** |
| 18          Defendants. 19 | 1.   **Violations of Civil Rights (42 U.S.C. § 1983) (Based on Unreasonable Use of Deadly Force)** |
| 20 LESLIE LARAY CRAWFORD, individually and as Successor in Interest 21 to MICHAEL LARAY DOZER, 22 deceased, | 2.   **Wrongful Death (Cal. Government Code §§ 815.2(a), 820(a); Cal. Civil Code § 43) (Based on Battery)** |
| 23          Plaintiff, v. | |
| 24 MICHAEL DOZER, an individual, 25 | 3.   **Wrongful Death (Cal. Government Code §§ 815.2(a), 820(a)) (Based on Negligence)** |
| 26          Nominal Defendant. | **DEMAND FOR JURY TRIAL** |
| 27 | |
| 28 | |

1

**JURISDICTION AND VENUE**

1. Jurisdiction is vested in this court under 28 U.S.C. § 1343(a)(3)-(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. § 1983 and 28 U.S.C. § 1331.

2. Venue is proper in the Eastern District of California under 28 U.S.C. § 1391(a)-(b).

**PARTIES**

3. At all relevant times herein, Plaintiff LESLIE LARAY CRAWFORD was and is a resident of the City of Bakersfield, County of Kern, and State of California. Plaintiff LESLIE LARAY CRAWFORD is the surviving biological mother of decedent MICHAEL LARAY DOZER.

4. Plaintiff LESLIE LARAY CRAWFORD is the Successor in Interest to decedent MICHAEL LARAY DOZER, and is entitled to bring certain causes of action herein alleged pursuant to § 377.30 of the California Code of Civil Procedure. (Attached herein is a declaration designating LESLIE LARAY CRAWFORD as the Successor in Interest to MICHAEL LARAY DOZER, and a true and correct copy of the death certificate for MICHAEL LARAY DOZER, furnished herewith pursuant to § 377.32 of the California Code of Civil Procedure.)

5. Defendant CITY OF BAKERSFIELD (hereinafter "CITY") is, and at all relevant times mentioned herein was, a municipal entity or political subdivision of the United States, organized and existing under the laws of the State of California.

6. Plaintiff is informed, believes, and thereon alleges that Defendant OFFICER AARON STRINGER ("OFFICER STRINGER") is, and at all relevant times mentioned herein was, a resident of the County of Kern and State of California. Further, at all times relevant to the acts and omissions herein alleged, OFFICER STRINGER was a police officer employed by the City of Bakersfield and the Bakersfield Police Department, and was acting under color of law and in the course and scope of his employment with the City of Bakersfield and the Bakersfield Police Department.

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

7.     Plaintiff is informed, believes, and thereon alleges that the heretofore
unknown Defendant DOE Officers are, and at all relevant times mentioned herein were,
residents of the County of Kern and State of California. Further, at all times relevant to
the acts and omissions herein alleged, said DOE Officers were police officers employed
by the Defendant CITY and the Bakersfield Police Department, and were acting under
color of law and in the course and scope of their employment with the CITY and the
Bakersfield Police Department.

8.     Plaintiff is informed, believes, and thereon alleges that at all relevant times
herein, Defendant MICHAEL DOZER was and is a resident of the City of Bakersfield,
County of Kern, and State of California. Defendant MICHAEL DOZER is the surviving
biological father of decedent MICHAEL LARAY DOZER, and pursuant to Rule 19 of
the Federal Rules of Civil Procedure and California Code of Civil Procedure § 377.60, is
sued herein as a Nominal Defendant.

9.     On or around August 25, 2014, a timely Claim for Damages was submitted
to the City of Bakersfield in substantial compliance with California Government Code
§ 910, et seq. As of the date of the filing of this Complaint, said Claim has been denied.

10.     Plaintiff is unaware of the true names and capacities of those Defendants
named herein as DOE Defendants. Plaintiff will amend this Complaint to allege said
Defendants' true names and capacities when that information becomes known to her.
Plaintiff is informed, believes, and thereon alleges that these DOE Defendants are legally
responsible and liable for the incident, injuries, and damages hereinafter set forth, and
that each of said Defendants proximately caused the injuries and damages by reason of
negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct,
including the negligent, careless, deliberately indifferent, intentional, willful, or wanton
misconduct in creating and otherwise causing the incidents, conditions, and
circumstances hereinafter set forth, or by reason of direct or imputed negligence or
vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will
seek leave to amend this Complaint to set forth said true names and identities of the

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323) 435-8205

3

1 unknown named DOE Defendants when they are ascertained.

2       11.    Each of the individual Defendants sued herein is sued both in his individual

3 and personal capacity, as well as in his official capacity.

4       12.    Plaintiff is informed, believes, and thereon alleges that at all times herein

5 mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator

6 of each of the remaining Defendants, and in doing the things hereinafter alleged, was

7 acting within the scope of such agency, employment, and/or conspiracy and with the

8 permission and consent of other co-Defendants.

THE COCHRAN FIRM CALIFORNIA 4929 Wilshire Bl, Suite 1010 (323)435-8205

## FACTS COMMON TO ALL COUNTS

10      13.    This Complaint concerns a fatal officer-involved shooting which occurred

11 during the afternoon hours of Wednesday, August 6, 2014, at or around 2140 Brundage

12 Lane in the City of Bakersfield, County of Kern, and State of California. At

13 approximately 12:32 p.m. on that date, Plaintiff's decedent, MICHAEL LARAY

14 DOZER, was sitting down at or around 2140 Brundage Lane when Defendant OFFICER

15 STRINGER and other heretofore unknown Defendant DOE Officers, while acting under

16 color of law and in the course and scope of their employment with the Defendant CITY

17 and the Bakersfield Police Department, negligently assessed the circumstances presented

18 to them, and then violently confronted and unjustifiably detained MICHAEL LARAY

19 DOZER, who had a history of mental illnesses, without having probable cause or

20 reasonable suspicion to believe that MICHAEL LARAY DOZER had committed any

21 crime, or would commit a crime in the future.

22      14.    Without warning, Defendant OFFICER STRINGER proceeded to assault

23 and batter MICHAEL LARAY DOZER by acts which included, but were not limited to,

24 repeatedly and unjustifiably discharging his department-issued firearm at the person of

25 MICHAEL LARAY DOZER, inflicting at least one gunshot wound, which proved to be

26 fatal. Following the shooting, the involved officers denied medical care to MICHAEL

27 LARAY DOZER in a manner that demonstrated deliberate indifference to his

28 constitutional rights. After surviving for an appreciable period of time following the

1  shooting, MICHAEL LARAY DOZER died as a direct and proximate result of the

2  gunshot wounds inflicted upon his person by OFFICER STRINGER.

3      15.    At no time during the course of these events did MICHAEL LARAY

4  DOZER pose any reasonable or credible threat of violence to the shooting officer, nor

5  did he do anything to justify the force used against him, and the same was deadly,

6  excessive, unnecessary, and unlawful. Both prior to and during the time in which he was

7  fatally shot, MICHAEL LARAY DOZER posed no reasonable threat of violence to

8  Defendant OFFICER STRINGER and the heretofore unknown Defendant DOE Officers,

9  nor to any other individual. Both prior to and during the time in which he was shot dead,

10  MICHAEL LARAY DOZER made no aggressive movements, no furtive gestures, and

11  no physical movements which would suggest to a reasonable police officer that he had

12  the will, or the ability to inflict substantial bodily harm against any individual. Both prior

13  to and during the time in which OFFICER STRINGER shot and killed MICHAEL

14  LARAY DOZER, OFFICER STRINGER, who fired, was not faced with any

15  circumstances which would have led a reasonable police officer to believe that

16  MICHAEL LARAY DOZER posed the risk of death, or serious bodily injury to any

17  person.

18                    **FOR THE FIRST CAUSE OF ACTION**

19  **(By Plaintiff LESLIE LARAY CRAWFORD, as Successor in Interest to MICHAEL**

20    **LARAY DOZER, Deceased, Against Defendant OFFICER AARON STRINGER**

21      **and the Heretofore Unknown Defendant DOE Officers for Violations of Civil**

22                              **Rights**

23                         **[42 U.S.C. § 1983])**

24                **(Based on Unreasonable Use of Deadly Force)**

25      16.    Plaintiff restates and incorporates by reference the foregoing paragraphs of

26  this Complaint as if set forth in full at this point.

27      17.    This cause of action is brought on behalf of decedent MICHAEL LARAY

28  DOZER, by and through his Successor in Interest, Plaintiff LESLIE LARAY

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

1  CRAWFORD, who would, but for his death, be entitled to bring this cause of action, and

2  is set forth herein to redress the deprivation, under color of statute, ordinance, regulation,

3  policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to

4  MICHAEL LARAY DOZER by the Fourth Amendment to the Constitution of the United

5  States, including, but not limited to, the right to be free from unreasonable governmental

6  seizures of his person.

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1016
(323)435-8205

7  18.    Plaintiff is informed and believes, and thereupon alleges, that at all times

8  mentioned herein, the Defendant CITY employed Defendant OFFICER STRINGER and

9  the heretofore unknown Defendant DOE Officers. The CITY provided OFFICER

10  STRINGER and the Defendant DOE Officers with official badges and identification

11  cards which designated and described OFFICER STRINGER and the DOE Officers as

12  employees of the CITY and the Bakersfield Police Department.

13  19.    At all times relevant to the acts and omissions herein alleged, Defendant

14  OFFICER STRINGER and the heretofore unknown Defendant DOE Officers were

15  employed by the Defendant CITY and the Bakersfield Police Department, and were

16  acting under color of law and in the course and scope of their employment with the

17  CITY and the Bakersfield Police Department.

18  20.    At approximately 12:32 p.m. on August 6, 2014, Plaintiff's decedent,

19  MICHAEL LARAY DOZER, was sitting down at or around 2140 Brundage Lane when

20  Defendant OFFICER STRINGER and other heretofore unknown Defendant DOE

21  Officers, while acting under color of law and in the course and scope of their

22  employment with the Defendant CITY and the Bakersfield Police Department,

23  negligently assessed the circumstances presented to them, and then violently confronted

24  and unjustifiably detained MICHAEL LARAY DOZER, who had a history of mental

25  illnesses, without having probable cause or reasonable suspicion to believe that

26  MICHAEL LARAY DOZER had committed any crime, or would commit a crime in the

27  future. Without warning, OFFICER STRINGER proceeded to assault and batter

28  MICHAEL LARAY DOZER by acts which included, but were not limited to, repeatedly

1 and unjustifiably discharging his department-issued firearm at the person of MICHAEL

2 LARAY DOZER, inflicting at least one gunshot wound, which proved to be fatal.

3 Following the shooting, the involved officers denied medical care to MICHAEL

4 LARAY DOZER in a manner that demonstrated deliberate indifference to his

5 constitutional rights. After surviving for an appreciable period of time following the

6 shooting, MICHAEL LARAY DOZER died as a direct and proximate result of the

7 gunshot wounds inflicted upon his person by OFFICER STRINGER.

8      21.    At no time during the course of these events did MICHAEL LARAY

9 DOZER pose any reasonable or credible threat of violence to the shooting officer, nor

10 did he do anything to justify the force used against him, and the same was deadly,

11 excessive, unnecessary, and unlawful. Both prior to and during the time in which he was

12 fatally shot, MICHAEL LARAY DOZER posed no reasonable threat of violence to

13 Defendant OFFICER STRINGER and the heretofore unknown Defendant DOE Officers,

14 nor to any other individual. Both prior to and during the time in which he was shot dead,

15 MICHAEL LARAY DOZER made no aggressive movements, no furtive gestures, and

16 no physical movements which would suggest to a reasonable police officer that he had

17 the will, or the ability to inflict substantial bodily harm against any individual. Both prior

18 to and during the time in which OFFICER STRINGER shot and killed MICHAEL

19 LARAY DOZER, OFFICER STRINGER, who fired, was not faced with any

20 circumstances which would have led a reasonable police officer to believe that

21 MICHAEL LARAY DOZER posed the risk of death, or serious bodily injury to any

22 person.

23      22.    At all times mentioned herein, Defendant OFFICER STRINGER and

24 the heretofore unknown Defendant DOE Officers acted under color and pretense of law,

25 and under color of the statutes, ordinances, regulations, policies, practices, customs,

26 and/or usages of the State of California and the Defendant CITY. OFFICER STRINGER

27 and the heretofore unknown Defendant DOE Officers deprived Plaintiff's decedent,

28 MICHAEL LARAY DOZER, of the rights, privileges, and/or immunities secured to him

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

7

1 by the Fourth Amendment to the Constitution of the United States and the laws of the

2 United States, including, but not limited to, the right to be free from unreasonable

3 governmental seizures of his person.

4      23.    Plaintiff's decedent, MICHAEL LARAY DOZER, had the right to be free

5 from unreasonable governmental seizures of his person, a right which was secured to

6 MICHAEL LARAY DOZER by the provisions of the Fourth Amendment to the United

7 States Constitution, and by 42 U.S.C. § 1983. All of these interests were implicated by

8 the wrongful conduct of Defendant OFFICER STRINGER and the heretofore unknown

9 Defendant DOE Officers, which proximately caused the death of MICHAEL LARAY

10 DOZER.

11      24.    Plaintiff is informed, believes, and thereupon alleges, that in unreasonably

12 seizing the person of Plaintiff's decedent, MICHAEL LARAY DOZER, as described in

13 the foregoing paragraphs of this Complaint, Defendant OFFICER STRINGER and the

14 heretofore unknown Defendant DOE Officers acted outside the scope of their

15 jurisdiction and without authorization of law, and acted willfully, maliciously,

16 knowingly, with reckless disregard and callous indifference to the known consequences

17 of their acts and omissions, and purposefully with the intent to deprive MICHAEL

18 LARAY DOZER of his federally protected rights and privileges, and did in fact violate

19 the aforementioned rights and privileges, thereby warranting punitive and exemplary

20 damages against OFFICER STRINGER and the heretofore unknown Defendant DOE

21 Officers in an amount to be proven at the trial of this matter.

22      25.    As a direct and proximate result of the wrongful, intentional, and malicious

23 acts and omissions of Defendant OFFICER STRINGER and the heretofore unknown

24 Defendant DOE Officers, Plaintiff's decedent, MICHAEL LARAY DOZER, suffered

25 great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief,

26 shock, humiliation, indignity, embarrassment, and apprehension prior to his death, all to

27 his damage in a sum to be determined at trial. Further, Plaintiff's decedent, MICHAEL

28 LARAY DOZER, incurred expenses for medical treatment and emergency medical

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

8

1 │ services prior to his death in an amount according to proof at trial.

2 │     26.   Plaintiff is entitled to and hereby demands costs, attorneys' fees, and

3 │ expenses pursuant to 42 U.S.C. § 1988.

4 │ ### FOR THE SECOND CAUSE OF ACTION

5 │ **(By Plaintiff LESLIE LARAY CRAWFORD Against Defendants CITY OF**

6 │ **BAKERSFIELD, OFFICER AARON STRINGER, and DOES 1 through 10,**

7 │ **Inclusive, for Wrongful Death [Cal. Government Code §§ 815.2(a), 820(a); Cal.**

8 │ **Civil Code § 43]**

9 │ **(Based on Battery)**

10 │     27.   Plaintiff restates and incorporates by reference the foregoing paragraphs of

11 │ this Complaint as if set forth in full at this point.

12 │     28.   All claims asserted herein against the Defendant CITY are presented

13 │ pursuant to the CITY's vicarious liability for acts and omissions of municipal employees

14 │ undertaken in the course and scope of their employment pursuant to California

15 │ Government Code §§ 815.2(a) and 820(a), as well as California Civil Code § 43.

16 │     29.   At approximately 12:32 p.m. on August 6, 2014, Plaintiff's decedent,

17 │ MICHAEL LARAY DOZER, was sitting down at or around 2140 Brundage Lane when

18 │ Defendant OFFICER STRINGER and other heretofore unknown Defendant DOE

19 │ Officers, while acting under color of law and in the course and scope of their

20 │ employment with the Defendant CITY and the Bakersfield Police Department,

21 │ negligently assessed the circumstances presented to them, and then violently confronted

22 │ and unjustifiably detained MICHAEL LARAY DOZER, who had a history of mental

23 │ illnesses, without having probable cause or reasonable suspicion to believe that

24 │ MICHAEL LARAY DOZER had committed any crime, or would commit a crime in the

25 │ future.

26 │     30.   Without warning, Defendant OFFICER STRINGER proceeded to assault

27 │ and batter MICHAEL LARAY DOZER by acts which included, but were not limited to,

28 │ repeatedly and unjustifiably discharging his department-issued firearm at the person of

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

1 MICHAEL LARAY DOZER, inflicting at least one gunshot wound, which proved to be

2 fatal.

3      31.    As a direct and proximate result of the above-mentioned conduct of

4 Defendant OFFICER STRINGER and the heretofore unknown Defendant DOE Officers,

5 and each of them, MICHAEL LARAY DOZER was shot on August 6, 2014. After

6 surviving for an appreciable period of time following the shooting, MICHAEL LARAY

7 DOZER died as a direct and proximate result of the gunshot wounds inflicted upon his

8 person by Defendant OFFICER STRINGER.

9      32.    At no time during the course of these events did MICHAEL LARAY

10 DOZER pose any reasonable or credible threat of violence to the shooting officer, nor

11 did he do anything to justify the force used against him, and the same was deadly,

12 excessive, unnecessary, and unlawful. Both prior to and during the time in which he was

13 fatally shot, MICHAEL LARAY DOZER posed no reasonable threat of violence to

14 Defendant OFFICER STRINGER and the heretofore unknown Defendant DOE Officers,

15 nor to any other individual. Both prior to and during the time in which he was shot dead,

16 MICHAEL LARAY DOZER made no aggressive movements, no furtive gestures, and

17 no physical movements which would suggest to a reasonable police officer that he had

18 the will, or the ability to inflict substantial bodily harm against any individual. Both prior

19 to and during the time in which OFFICER STRINGER shot and killed MICHAEL

20 LARAY DOZER, OFFICER STRINGER, who fired, was not faced with any

21 circumstances which would have led a reasonable police officer to believe that

22 MICHAEL LARAY DOZER posed the risk of death, or serious bodily injury to any

23 person.

24      33.    Plaintiff is informed, believes, and thereupon alleges, that in shooting

25 decedent MICHAEL LARAY DOZER, as described in the foregoing paragraphs of this

26 Complaint, Defendant OFFICER STRINGER and the heretofore unknown Defendant

27 DOE Officers acted outside the scope of their jurisdiction and without authorization of

28 law, and acted willfully, maliciously, knowingly, with reckless disregard and callous

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

1  indifference to the known consequences of their acts and omissions, and purposefully

2  with the intent to deprive MICHAEL LARAY DOZER of his protected rights and

3  privileges, and did in fact violate the aforementioned rights and privileges, thereby

4  warranting punitive and exemplary damages against OFFICER STRINGER and the

5  heretofore unknown Defendant DOE Officers in an amount to be proven at the trial of

6  this matter.

7       34.    As a direct and proximate result of the death of decedent MICHAEL

8  LARAY DOZER and the above-described conduct of Defendant OFFICER STRINGER

9  and the heretofore unknown Defendant DOE Officers, and each of them, MICHAEL

10  LARAY DOZER'S heir, the Plaintiff herein, has sustained substantial economic

11  damages and non-economic damages resulting from the loss of the love, companionship,

12  comfort, care, assistance, protection, affection, society, moral support, training,

13  guidance, services, and support of MICHAEL LARAY DOZER in an amount according

14  to proof at trial.

15       35.    As a further proximate result of the above-described conduct of Defendant

16  OFFICER AARON STRINGER and the heretofore unknown Defendant DOE Officers,

17  and each of them, and the ensuing death of MICHAEL LARAY DOZER, Plaintiff has

18  incurred funeral and burial expenses in an amount according to proof at trial.

19  **FOR THE THIRD CAUSE OF ACTION**

20  **(By Plaintiff LESLIE LARAY CRAWFORD Against Defendants CITY OF**

21  **BAKERSFIELD, OFFICER AARON STRINGER, and DOES 1 through 10,**

22  **Inclusive, for Wrongful Death [Cal. Government Code §§ 815.2(a), 820(a)]**

23  **(Based on Negligence)**

24       36.    Plaintiff restates and incorporates by reference the foregoing paragraphs of

25  this Complaint as if set forth in full at this point.

26       37.    All claims asserted herein against the Defendant CITY are presented

27  pursuant to the CITY's vicarious liability for acts and omissions of municipal employees

28  undertaken in the course and scope of their employment pursuant to California

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

11

1   Government Code §§ 815.2(a) and 820(a).

2        38.    At approximately 12:32 p.m. on August 6, 2014, Plaintiff's decedent,

3   MICHAEL LARAY DOZER, was sitting down at or around 2140 Brundage Lane when

4   Defendant OFFICER STRINGER and other heretofore unknown Defendant DOE

5   Officers, while acting under color of law and in the course and scope of their

6   employment with the Defendant CITY and the Bakersfield Police Department,

7   negligently assessed the circumstances presented to them, and then violently confronted

8   and unjustifiably detained MICHAEL LARAY DOZER, who had a history of mental

9   illnesses, without having probable cause or reasonable suspicion to believe that

10  MICHAEL LARAY DOZER had committed any crime, or would commit a crime in the

11  future.

12       39.    Without warning, Defendant OFFICER STRINGER proceeded to

13  negligently discharge his department-issued firearm at the person of MICHAEL LARAY

14  DOZER, inflicting at least one gunshot wound, which proved to be fatal. After surviving

15  for an appreciable period of time following the shooting, MICHAEL LARAY DOZER

16  died as a direct and proximate result of the gunshot wounds negligently inflicted upon

17  his person by OFFICER STRINGER.

18       40.    At no time during the course of these events did MICHAEL LARAY

19  DOZER pose any reasonable or credible threat of violence to the shooting officer, nor

20  did he do anything to justify the force used against him, and the same was deadly,

21  excessive, unnecessary, and unlawful. Both prior to and during the time in which he was

22  fatally shot, MICHAEL LARAY DOZER posed no reasonable threat of violence to

23  Defendant OFFICER STRINGER and the heretofore unknown Defendant DOE Officers,

24  nor to any other individual. Both prior to and during the time in which he was shot dead,

25  MICHAEL LARAY DOZER made no aggressive movements, no furtive gestures, and

26  no physical movements which would suggest to a reasonable police officer that he had

27  the will, or the ability to inflict substantial bodily harm against any individual. Both prior

28  to and during the time in which OFFICER STRINGER shot and killed MICHAEL

THE COCHRAN FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

12

1 LARAY DOZER, OFFICER STRINGER, who fired, was not faced with any
2 circumstances which would have led a reasonable police officer to believe that
3 MICHAEL LARAY DOZER posed the risk of death, or serious bodily injury to any
4 person.

5      41. Plaintiff is informed and believes, and thereupon alleges, that on and before
6 August 6, 2014, Defendant OFFICER STRINGER and the heretofore unknown
7 Defendant DOE Officers had a duty to exercise the reasonable and ordinary care that
8 would be expected of similarly situated peace officers in the use of deadly force, and had
9 a duty to exercise the reasonable and ordinary care which would be expected of similarly
10 situated peace officers in the execution of police tactics and police procedures in
11 approaching and/or attempting to detain nondangerous mentally ill suspects.
12 Notwithstanding each of these duties, OFFICER STRINGER and the heretofore
13 unknown Defendant DOE Officers failed to exercise reasonable and ordinary care in
14 committing the acts alleged herein, by actions and inactions which include, but are not
15 limited to, negligently failing to determine that MICHAEL LARAY DOZER posed no
16 threat of physical harm to any person when he was shot and killed, negligently inflicting
17 physical injury upon MICHAEL LARAY DOZER, as described herein, and negligently
18 employing deadly force against MICHAEL LARAY DOZER when the same was
19 unnecessary and unlawful. All of these negligent acts proximately caused MICHAEL
20 LARAY DOZER'S death on August 6, 2014.

21      42. Plaintiff is further informed and believes, and thereupon alleges, that
22 on and before August 6, 2014, individual employees of the Defendant CITY and the
23 Bakersfield Police Department, including DOES 1 through 10, who were responsible for
24 hiring and supervising Defendant OFFICER STRINGER and the heretofore unknown
25 Defendant DOE Officers, while acting within the course and scope of their employment
26 with the CITY and the Bakersfield Police Department, negligently hired, trained,
27 supervised, employed, and/or managed OFFICER AARON STRINGER and the
28 heretofore unknown Defendant DOE Officers, in that they knew, or in the exercise of

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

13

1 reasonable diligence should have known, that OFFICER STRINGER and the heretofore

2 unknown Defendant DOE Officers were dangerous and violent employees, prone to fire

3 their firearms without reasonable justification, and in a manner that would demonstrate

4 callous disregard for the rights and safety of civilian citizens, and to assault and batter

5 persons and/or use unnecessary, unreasonable, deadly, and/or unlawful physical force

6 without reasonable justification. All of these negligent acts proximately caused

7 MICHAEL LARAY DOZER's death on August 6, 2014.

8     43.    Plaintiff is further informed and believes, and thereupon alleges, that on and

9 before August 6, 2014, individual employees of the Defendant CITY and the Bakersfield

10 Police Department, including DOES 1 through 10, who were responsible for hiring,

11 training, and supervising Bakersfield Police Department patrol officers, including

12 Defendant OFFICER STRINGER and the heretofore unknown Defendant DOE Officers,

13 while acting within the course and scope of their employment with the CITY and the

14 Bakersfield Police Department, failed to exercise reasonable and ordinary care in the

15 training and supervision of patrol officers, including OFFICER STRINGER and the

16 heretofore unknown Defendant DOE Officers, with regard to the reasonableness, safety,

17 and constitutionality of the use of deadly force against civilians, and with regard to the

18 use of deadly force against nondangerous mentally ill individuals; negligently failed to

19 properly train and supervise patrol officers, including OFFICER STRINGER and the

20 heretofore unknown Defendant DOE Officers, concerning the reasonableness, safety,

21 and constitutionality of the use of deadly force, and in the use of force as it relates to

22 using excessive force; negligently failed to properly train and supervise patrol officers,

23 including OFFICER STRINGER and the heretofore unknown Defendant DOE Officers,

24 with respect to unjustifiably using deadly force against nondangerous mentally ill

25 civilians; inadequately trained and supervised patrol officers, including OFFICER

26 STRINGER and the heretofore unknown Defendant DOE Officers, with respect to the

27 reasonable and proper use of deadly force; and inadequately trained and supervised

28 patrol officers, including OFFICER STRINGER and the heretofore unknown Defendant

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

1  DOE Officers, with respect to the reasonable and proper police procedures for the arrest

2  and detention of nondangerous mentally ill suspects. Despite having the means and the

3  ability to properly train such officers, and despite having notice and knowledge of the

4  need to properly train such officers, individual employees of the Defendant CITY and

5  the Bakersfield Police Department, including DOES 1 through 10, failed to do so. All of

6  these negligent acts proximately caused MICHAEL LARAY DOZER's death on August

7  6, 2014.

8      44.    As a proximate result of all of the above-mentioned conduct of the

9  Defendants, and each of them, MICHAEL LARAY DOZER was shot and killed on

10  August 6, 2014.

11      45.    As a direct and proximate result of the death of decedent MICHAEL

12  LARAY DOZER and the above-described conduct of the Defendants, and each of them,

13  MICHAEL LARAY DOZER's heir, the Plaintiff herein, has sustained substantial

14  economic and non-economic damages resulting from the loss of the love,

15  companionship, comfort, care, assistance, protection, affection, society, moral support,

16  training, guidance, services, and support of MICHAEL LARAY DOZER in an amount

17  according to proof at trial.

18      46.    As a further proximate result of the above-described conduct of the

19  Defendants, and each of them, and the ensuing death of MICHAEL LARAY DOZER,

20  Plaintiff has incurred funeral and burial expenses in an amount according to proof at

21  trial.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1. For funeral and burial related expenses according to proof at trial;

2. For general damages in an amount according to proof at trial;

3. For medical and related expenses according to proof at trial;

4. For costs of suit incurred herein;

5. For attorneys' fees incurred herein, as provided by law;

6. For punitive damages against the individual Defendants in their individual capacities in an amount according to proof at trial; and

7. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands that a jury be empaneled for the trial of this matter.

DATED: May 21, 2015          Respectfully submitted,

**THE COCHRAN FIRM CALIFORNIA**

By: /s/ Brian T. Dunn
　　　　　　BRIAN T. DUNN
　　　　　　MEGAN R. GYONGYOS
　　　　　　Attorneys for Plaintiff, LESLIE LARAY
　　　　　　CRAWFORD

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

# STATE OF CALIFORNIA
## CERTIFICATION OF VITAL RECORD

# COUNTY of KERN
## PUBLIC HEALTH SERVICES DEPARTMENT
1800 MT. VERNON AVE., BAKERSFIELD, CALIFORNIA, 93306-3302

CERTIFICATE OF DEATH

Name of decedent — first: **MICHAEL**  middle: **LARAY**  last: **DOZER**

Date of birth: **1988**  Age: **26**  Sex: **M**

Birth state/foreign country: **CALIFORNIA**   Social security number: **-6388**

Marital status: **NEVER MARRIED**   Date of death: **06/06/2014**

Education: **HS GRADUATE**   Race: **BLACK**

Usual occupation: **STUDENT - JOB CORP**   Kind of business/industry: **WELDING**   Years in occupation: **1**

Decedent's residence — street: **6204 GAYLENE AVENUE**

City: **BAKERSFIELD**   County: **KERN**   Zip code: **93307**   Years in county: **20**   State/foreign country: **CALIFORNIA**

Informant's name: **LESSIE CRAWFORD, MOTHER**   **6204 GAYLENE AVENUE, BAKERSFIELD, CA 93307**

Father — first: **MICHAEL**  middle: **EUGENE**  last: **DOZER**   Birth state: **OKLAHOMA**

Mother — first: **LESSIE**  middle: **LARAY**  last: **CRAWFORD**   Birth state: **CALIFORNIA**

Date of death: **06/10/2014**   Place of disposition: **UNION CEMETERY, 730 POTOMAC AVENUE, BAKERSFIELD, CA 93307**

Type of disposition: **BU**   Signature of embalmer: **RICHARD SANDOVAL**   License number: **EMB0009**

Name of funeral establishment: **RUCKER'S MORTUARY**   License number: **FD020**   Signature of local registrar: **CLAUDIA JONAH, MD**   Date: **06/14/2014**

Place of death: **KERN MEDICAL CENTER**

County: **KERN**   Facility address: **1700 MT. VERNON AVENUE**   City: **BAKERSFIELD**

Cause of death — immediate cause: **GUNSHOT WOUND OF ABDOMEN**   Interval: **HRS**   Case number: **C01628-14**

Other significant conditions: **NONE**

Was an operation performed: **NO**

Place of injury: **CITY ROADWAY**

Describe how injury occurred: **SHOT BY ANOTHER HANDGUN**

Location of injury: **2140 E. BRUNDAGE LANE, BAKERSFIELD, CA 93307**

Coroner/deputy coroner: **JANELLE COSTAMAGNA**   Date: **06/06/2014**   Time: **1220**

Signature of coroner: **JANELLE COSTAMAGNA, DEP COR**   Date: **08/06/2014**

CERTIFIED COPY OF VITAL RECORD

STATE OF CALIFORNIA
COUNTY OF KERN

DATE ISSUED   AUG 20 2014   0 0 0 5 0 8 5 6 4

This is a true and exact reproduction of the document officially registered and placed on file in the office of the VITAL RECORDS SECTION OF THE DEPARTMENT OF PUBLIC HEALTH SERVICES.

CLAUDIA JONAH, M.D.
PUBLIC HEALTH OFFICER AND LOCAL REGISTRAR
OF BIRTHS AND DEATHS

This copy is not valid unless prepared on engraved border displaying the seal and signature of registrar.

1

2

## DECLARATION OF LESLIE LARAY CRAWFORD

3
4
1.    The decedent's name who is the subject of this action for civil rights violations and wrongful death is MICHAEL LARAY DOZER.

5
6
7
8
2.    On August 6, 2014, MICHAEL LARAY DOZER was killed in an officer involved shooting incident located at or around 2140 Brundage Lane in the City of Bakersfield, County of Kern, and State of California.

9
10
3.    No proceeding is now pending in California for the administration of the decedent's estate.

11
12
13
4.    I am the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) with respect to the decedent's interest in the within action.

14
15
5.    No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action.

16

17
18
19
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

20

21    DATED: 11-06-14

Leslie Laray Crawford
LESLIE LARAY CRAWFORD,
declarant

22
23
24
25
26
27
28

-1-