# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE LARAY CRAWFORD,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF BAKERSFIELD, et al.,<br><br>    Defendants. | Case No.  1:14-cv-01735-SAB<br><br>ORDER VACATING MARCH 23, 2016 HEARING; GRANTING DEFENDANTS' MOTION TO JOIN MICHAEL DOZER AS A NOMINAL DEFENDANT; AND DIRECTING PLAINTIFFS TO SERVE MICHAEL DOZER WITH A COPY OF THE SUMMONS AND COMPLAINT WITHIN TWENTY DAYS<br><br>(ECF Nos. 29, 30, 31)<br><br>ORDER VACATING FEBRUARY 18, 2016 ORDER DISMISSING MICHAEL DOZER FROM THIS ACTION<br><br>(ECF No. 28) |

**I.**

**PROCEDURAL BACKGROUND**

Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants City of Bakersfield and Aaron Stringer on November 6, 2014. (ECF No. 1.) On May 27, 2015, Plaintiff filed a first amended complaint naming Michael Dozer as a defendant in this action. (ECF No. 24.)  Plaintiff did not serve Michael Dozer so an order issued on February 1, 2016 requiring Plaintiff to show cause why Mr. Dozer should not be dismissed from this action for failure to serve in compliance with Rule 4(m) of the Federal Rules of Civil Procedure.  (ECF No.

1

27.) Plaintiff did not respond to the order to show cause, so an order issued on February 18, 2016, dismissing Michael Dozer from this action pursuant to Rule 4(m). (ECF No. 28.)

On February 23, 2016, Defendants filed a motion to join Michael Dozer as a nominal defendant in this action. (ECF No. 29.) Defendants seek to join Mr. Dozer as a nominal defendant on the ground that he is a necessary party to this action. Plaintiff filed a statement of non-opposition on March 8, 2016. (ECF No. 30.) On March 16, 2016, Defendants filed a reply. (ECF No. 31.)

The Court, having reviewed the record, finds this matter suitable for decision without oral argument. See Local Rule 230(g). Accordingly, the previously scheduled hearing set on March 23, 2016, will be vacated and the parties will not be required to appear at that time.

## II.
## DISCUSSION

Initially, the Court notes that Plaintiffs did not serve Mr. Dozer in compliance with this Court's scheduling order and failed to respond to the order to show cause which resulted in Mr. Dozer being dismissed from this action. Plaintiffs are advised that orders of the Court are not mere suggestions and they are required to comply with all order issued by this Court. Any further failure to comply with this Court's order will result in sanctions, up to and including dismissal of this action.

This is a wrongful death action that has been brought by the surviving mother of the decedent. Defendants contend that Mr. Dozer is the decedent's father; and Defendants would be prejudiced by the failure to join Mr. Dozer. Plaintiff does not oppose the motion to join Mr. Dozer.

Joinder of parties in this action is a procedural issued governed by the Federal Rules of Civil Procedure. Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 125 (1968). Whether Mr. Dozer is a necessary party to this action is governed by Federal Rule of Civil Procedure 19, which states provides that a party who will not deprive the court of subject-matter jurisdiction must be joined if:

(A) in that person's absence, the court cannot accord complete relief among

existing parties; or
(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
(i) as a practical matter impair or impede the person's ability to protect the interest; or
(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

In determining if the party is necessary the court must decide if complete relief is possible among those already party to the suit, and whether the absent party has a legally protected interest in the suit. Makah Indian Tribe, 910 F.2d at 558. The issue of whether complete relief is possible between the parties "is concerned with consummate rather than partial or hollow relief as to those already parties, and with precluding multiple lawsuits on the same cause of action." Northrop Corp. v. McDonnell Douglas Corp., 705 F.2d 1030, 1043 (9th Cir. 1983). The legally protected "interest must be more than a financial stake and more than speculation about a future event." Makah Indian Tribe, 910 F.2d at 558 (internal citations omitted). The fact that the outcome of litigation may have some financial consequence for a non-party is not sufficient to make the non-party necessary in the action. Cachil Dehe Band of Wintun Indians of the Colusa Indian Community v. California ("Colusa"), 547 F.3d 962, 972 (9th Cir. 2008).

In California,"the cause of action for wrongful death is a pure creature of statute and exists only so far and in favor of such person as the legislative power may declare." Rosales v. Battle, 113 Cal. App. 4th 1178, 1182 (2003) (internal punctuation and citations omitted); Scott v. Thompson, 184 Cal. App. 4th 1506, 1510 (2010), as modified on denial of reh'g (June 25, 2010). The purpose of the wrongful death statute "is to compensate for the loss of companionship and for other losses to specified persons as a result of the decedent's death." Jackson v. Fitzgibbons, 127 Cal. App. 4th 329, 335 (2005). Under California law, the right to bring a wrongful death suit is limited to those individuals described in section 377.6 of the California Code of Civil Procedure. Soto v. BorgWarner Morse TEC Inc., 239 Cal. App. 4th 165, 188 (2015), reh'g denied (Aug. 5, 2015), as modified (Aug. 20, 2015), review denied (Oct. 28, 2015). "The category of persons eligible to bring wrongful death actions is strictly construed." Id. It would

1 be the individuals who would be entitled to the property of the decedent by intestate succession
2 who could bring suit. Cal. Code Civ. P. 377.60(a).

3     As here, where there is no surviving spouse, domestic partner, or issue, under intestate
4 succession, decedent's surviving parents would have standing to bring a wrongful death action.
5 Cal. Prob. Code § 6402. Mr. Dozer is a surviving parent who has standing to bring a wrongful
6 death suit based upon these same facts presented in this action. Under California Mr. Dozer has
7 a legally protected interest in this lawsuit.

8     "The wrongful death statute has been interpreted to authorize only a single action, in
9 which all the decedent's heirs must join." Romero v. Pac. Gas & Elec. Co., 156 Cal. App. 4th
10 211, 216 (2007) (quoting Gonzales v. Southern California Edison Co., 77 Cal.App.4th 485, 489
11 (1999)). The California Supreme Court has construed the statute to provide each heir with a
12 personal and separate cause of action. Cross v. Pac. Gas & Elec. Co., 60 Cal. 2d 690, 692, 388
13 P.2d 353 (1964). When a wrongful death action is brought all heirs should join or be joined in
14 the action. Id. at 694.

15     An heir who has not been included in an action cannot bring a subsequent suit unless the
16 tortfeasor has knowledge of the existence of the heir prior to resolution of the action. Romero,
17 156 Cal.App.4th at 216. "[W]hen the defendant in a pending action has actual knowledge of the
18 existence, identity and status of an omitted heir and fails to have said omitted heir made a party
19 to the action, a settlement and dismissal with prejudice of the pending action will not bar a
20 subsequent action by the omitted heir against the defendant." Id. at 217. California law provides
21 that if the consent of an individual who should be joined as a plaintiff cannot be obtained, he can
22 be made a defendant. Cal Code Civ. P. § 382. Mr. Dozer must be joined in this lawsuit to
23 protect his interest in this action and to protect Defendants from being subjected to a subsequent
24 lawsuit. Therefore, Mr. Dozer should be joined as a nominal defendant.

25     Although Plaintiffs filed a complaint naming Mr. Dozer as a nominal defendant, they did
26 not serve him with the summons and complaint. A person is not properly joined unless he is
27 served with the summons and complaint. Romero, 156 Cal.App.4th at 218. Accordingly,
28 Plaintiffs shall be ordered to serve Mr. Dozer with a copy of the summons and complaint.

## III.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The hearing set for March 23, 2016 at 10:00 a.m. in Courtroom 9 is VACATED;
2. Defendants' motion to join Michael Dozer as a nominal defendant in this action is GRANTED;
3. The order dismissing Defendant Dozer, issued February 18, 2016, is VACATED;
4. Plaintiffs shall serve Defendant Dozer with a copy of the summons and complaint within twenty (20) days from the date of service of this order; and
5. Failure to serve Defendant Dozer in compliance with this order will result in the issuance of sanctions, up to and including dismissal of this action.

IT IS SO ORDERED.

Dated: __March 17, 2016__

UNITED STATES MAGISTRATE JUDGE