1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE LARAY CRAWFORD, | Case No.  1:14-cv-01735-SAB |
| Plaintiff, | ORDER RE MOTIONS IN LIMINE AND BIFURCATING TRIAL FOR PURPOSES OF LIABILITY AND DAMAGES |
| v. | |
| CITY OF BAKERSFIELD, et al., | (ECF Nos. 45, 46, 48, 49-50, 52) |
| Defendants. | |

Currently before the Court are the parties' motions in limine.  Oral argument on the motions was conducted on October 6, 2016.  Counsel Brian Dunn appeared telephonically for Plaintiff and counsel Micheal Marderosian personally appeared and counsel Heather Cohen appeared telephonically for Defendants at the hearing.  Having considered the moving papers, the arguments made during the October 6, 2016 hearing, and the Court's file, the Court issues the following order.

## I.

## INTRODUCTION

On August 6, 2014, Elsa Torres was filling her car with gasoline at a gas station in Bakersfield, California.  (Order Denying Defendant City of Bakersfield and Defendant Aaron Stringer's Motion for Summary Judgment 3, ECF No. 40.)  Michael Dozer (hereafter "Decedent") approached Ms. Torres car and took the hose from the gas pump to the vehicle

1 | causing gasoline to spill onto the ground, Ms. Torres, and himself.  (Id.)  Decedent used a lighter
2 | to start a fire.  (Id.)  Ms. Torres was able to quickly drive and park a short distance away.  (Id.)
3 | Witnesses at the scene called the police to report the incident.  (Id.)

4 | Defendant Stringer was advised of the incident by dispatch and responded to the scene.
5 | (Id. at 4.)  Defendant Stringer contacted witnesses who informed him that Decedent had started a
6 | fire but that Ms. Torres had not been burned.  (Id.)  The witnesses pointed out Decedent, who
7 | was in the area and pacing back and forth, as the individual who had started the fire.  (Id. at 4-5.)
8 | As Defendant Stringer approached Decedent to speak with him, Decedent made comments,
9 | picked up a horseshoe-shaped lock, and began approaching Defendant Stringer.  (Id. at 5.)  The
10 | events that occurred next are disputed.  Ultimately, Defendant Stringer drew his weapon and shot
11 | Decedent.  (Id. at 5-6.)

12 | Plaintiff Leslie Laray Crawford filed this action on November 6, 2014.  Following denial
13 | of Defendants' motion for summary judgment, this action is proceeding on the first amended
14 | complaint, filed May 27, 2015, against Defendant Aaron Stringer for use of excessive force in
15 | violation of the Fourth Amendment and against Defendants City of Bakersfield and Aaron
16 | Stringer on California state law claims of wrongful death.  The matter is set to proceed to trial on
17 | October 18, 2016.

18 | On September 15, 2016, the parties filed motions in limine.  (ECF Nos. 45, 46.)  On
19 | September 29, 2016, the parties filed oppositions to the motions in limine and Plaintiff filed a
20 | request for judicial notice.  (ECF Nos. 48, 49, 50.)

21 | On October 6, 2016, Defendants filed a motion in limine.  (ECF No. 52.)  Plaintiff has
22 | not had an opportunity to oppose the October 6, 2016 motion.  Accordingly, the Court shall defer
23 | ruling on this matter and provide Plaintiff an opportunity to file an opposition.

**II.**

**LEGAL STANDARD**

26 | A party may use a motion in limine to exclude inadmissible or prejudicial evidence
27 | before it is actually introduced at trial.  See Luce v. United States, 469 U.S. 38, 40 n.2 (1984).
28 | "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious

and evenhanded management of the trial proceedings." Jonasson v. Lutheran Child and Family Services, 115 F.3d 436,440 (7th Cir. 1997). A motion in limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence. Brodit v. Cambra, 350 F.3d 985, 1004-05 (9th Cir. 2003).

Motions in limine that exclude broad categories of evidence are disfavored, and such issues are better dealt with during trial as the admissibility of evidence arises. Sperberg v. Goodyear Tire & Rubber, Co., 519 F.2d 708, 712 (6th Cir. 1975). Additionally, some evidentiary issues are not accurately and efficiently evaluated by the trial judge in a motion in limine and it is necessary to defer ruling until during trial when the trial judge can better estimate the impact of the evidence on the jury. Jonasson, 115 F.3d at 440.

**III.**

**DISCUSSION**

The Federal Rules of Civil Procedure provide that generally relevant evidence is admissible at trial. Fed. R. Evid. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence can be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

**A.     Plaintiff's Motions in Limine**

Plaintiff brings motions in limine to exclude evidence that no criminal charges or discipline was imposed on Defendant Stringer due to the incident, and prior bad acts of the decedent, his father, and his mother.

1.     Evidence that No Criminal Charges Were Brought and No Internal Discipline Was Imposed Against Defendant Stringer

Plaintiff moves to exclude evidence that the district attorney did not file criminal charges and that no internal discipline was imposed after an internal investigation of the incident.

1    Defendants do not oppose the motion if the Court grants Defendants' motion to exclude evidence

2    pertaining to the circumstances resulting in Defendant Stringer's termination.

3        As Defendants' motion to exclude the circumstances regarding the termination of

4    Defendant Stringer shall be granted as discussed below and upon Defendants' statement of non-

5    opposition, the Court shall grant Plaintiff's motion to exclude evidence that no criminal charges

6    were brought and no internal disciple was imposed against Defendant Stringer based upon the

7    subject incident.

8        2.    Evidence of Decedent, Michael Eugene Dozer's, and Plaintiff's Prior Bad Acts

9        Plaintiff moves to exclude evidence of prior bad acts of herself, the decedent, and

10   decedent's father, Michael Eugene Dozer.

11       Rule 404(b) of the Federal Rules of Evidence applies in both criminal and civil cases.

12   Huddleston v. United States, 485 U.S. 681, 685 (1988)).  "Evidence of a crime, wrong, or other

13   act is not admissible to prove a person's character in order to show that on a particular occasion

14   the person acted in accordance with the character."  Fed. R. Evid. 404(b)(1).  "However,

15   evidence of earlier behavior is admissible for other purposes 'such as proof of motive,

16   opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . .

17   .' "  Boyd v. City & Cty. of San Francisco, 576 F.3d 938, 947 (9th Cir. 2009) (quoting Fed. R.

18   Evid. 404(b).  Extrinsic acts evidence may be critical to the establishment of the truth as to a

19   disputed issue, especially when that issue involves the actor's state of mind and the only means

20   of ascertaining that mental state is by drawing inferences from conduct.  Huddleston, 485 U.S. at

21   685.

22       The Ninth Circuit has found that Rule 404(b) is a rule of inclusion and, unless the

23   evidence of other crimes tends to only prove propensity, it is admissible.  Boyd, 576 F.3d at 947.

24   "The intent behind the rule is not to 'flatly prohibit the introduction of such evidence,' but to

25   limit the purpose for which it may be introduced."  Id. (quoting Huddleston, 485 U.S. at 687).

26   Once it is established that the evidence is offered to prove one of the purposes set forth in Rule

27   404(b), only those conditions set forth in Rule 403 will justify the exclusion of the evidence.

28   U.S. v. Curtin, 489 F.3d 935, 944 (9th Cir. 2007).

### a.      Decedent's Bad Acts

Plaintiff asserts that since Defendant Stringer was unaware of the prior bad acts of decedent they are not relevant in this action where the issue is whether Defendant Stringer used excessive force.  Defendants argue that decedent's prior arrest in 2014 for violation of California Penal Code section 148(a)(1), resisting/obstructing a peace officer in performance of his duties, and in 2010 for violation of Penal Code section 245(a)(1), assault with a deadly weapon other than a firearm, are relevant to show that Defendant Stringer's perception of the actions of Decedent was accurate.  Defendants assert that a limiting instruction can be provided to ensure that the jury considers the evidence only for the purpose for which it is provided.  Further, Defendants argue that the prior criminal charges are relevant to explain why the decedent acted in the way he did.  Defendants contend that the central issue in this action is whether decedent was demonstrating resistance or refusing to follow commands at the time that Defendant Stringer was forced to discharge his weapon.  Finally, Defendants argue that the evidence is relevant to refute the anticipated argument that decedent was a semi-homeless individual suffering from mental illness and provide a full profile of the decedent.

In <u>Boyd</u>, the court addressed prior arrests in an action similar to this in which the decedent's family was alleging unlawful use of force.  <u>Boyd</u>, 576 F.3d at 942.  The only issue to be decided by the jury was whether the officer's actions in shooting the decedent were reasonable based on his perspective at the time.  <u>Id.</u> at 944.  At trial, the decedent's family presented evidence that the decedent was leaning against the car in an attempt to get down on the ground and surrender when police shot him.  <u>Id.</u> at 944.  The officers presented evidence the decedent ignored commands to surrender and instead sat down on the dashboard of a vehicle and reached both hands inside as if attempting to grab something.  <u>Id.</u>  The appellate court held that "[i]n a case such as this, where what the officer perceived just prior to the use of force is in dispute, evidence that may support one version of events over another is relevant and admissible."  <u>Id.</u>

In <u>Boyd</u>, the plaintiffs were arguing that the decedent hesitated in obeying commands to get down on the ground because he had a prosthesis that impaired his mobility.  <u>Boyd</u>, 576 F.3d

at 944.  The court found that this fact was made less probable by the fact that three days prior he had exhibited facile ability to get down on the ground without assistance when he was arrested in a similar high speed pursuit.  Id.  The defendants assertions that the decedent was acting erratically, and goading and taunting them to shoot him instead of following police commands was made more probable by his earlier statements to police as well as evidence that he was on drugs at the time.  Id.

Additionally, the defendants' expert opined that the decedent was attempting to commit suicide by cop which was made more probable by evidence that he had brought lawsuits against the police department and was aware that his family could receive substantial damages if the police killed him.  Boyd, 576 F.3d at 944.  Evidence that the decedent wrote rap lyrics praising the murder of police offices made the theory of suicide by cop more probable as literature indicates that individuals who harbor a deep resentment and hatred toward police officers are more likely to commit suicide by cop.  Id.  The fact that the decedent had been in a car crash that was a traumatic and life changing event that could be tied to police action made it more probable that he had resolved to place liability on police officers for his death.  Id.  Finally, his criminal history and the potential sentence that he faced if prosecuted for those actions made it more probable that he was trying to commit suicide by cop rather than surrender.  Id.

Here, Defendants have presented no evidence regarding the facts surrounding either decedent's recent arrest for violation of Penal Code section 148(a) or his 2010 conviction for violation of Penal Code section 245(a)(1) that would make any matter at issue in this action more probable if the evidence was admitted.  The Court is well aware that a violation of Penal Code section 148(a) can be based on many actions that do not involve physically resisting arrest. Defendants have not shown that admitting evidence of the decedent's prior bad acts would make any matter at issue in this action more probable.  Accordingly, Plaintiff's motion to exclude evidence of prior bad acts of decedent is granted.

Further, the parties are advised that if any party believes that testimony during the trial has "opened the door" to evidence that has been excluded, that party must raise the issue with the Court out of the presence of the jury before addressing the evidence in front of the jury.

1      **b.      Michael Eugene Dozer's Bad Acts**

2          Plaintiff seeks to exclude evidence of multiple convictions of decedent's father, Michael

3    Eugene Dozer.  Defendants argue that Mr. Dozer's criminal history includes convictions that

4    would be admissible under Federal Rule of Evidence 609 to impeach him should he testify

5    during the trial of this matter.

6          Rule 609 provides that a witness's character for truthfulness may be attacked by evidence

7    of a criminal conviction for a crime that is punishable by imprisonment for more than one year

8    and for any crime proving a dishonest act or false statement.  Fed. R. Evid. 609(a).  The rule

9    limits the use of convictions where it has been more than 10 years since the conviction or release

10   from confinement for it, whichever is later.  Fed. R. Evid. 609(b).  Therefore, should Mr. Dozer

11   testify as a witness in this action, his June 17, 2015 conviction for violation of California Penal

12   Code section 487(a) is admissible impeachment evidence.  However, Defendants have not shown

13   that any of Mr. Dozer's other convictions would be admissible impeachment evidence should he

14   testify at the trial of this matter.  Accordingly, Plaintiff's motion to exclude the prior bad acts of

15   Michael Eugene Dozer is granted in part and denied in part.[1]

16     **c.      Plaintiff's Bad Acts**

17         Plaintiff seeks to exclude evidence of her prior bad acts.  Plaintiff concedes that prior

18   convictions are admissible to impeach her credibility but argues that they are too remote to be

19   probative of her character for truthfulness in this action, especially where she is not a witness to

20   the incident at issue.  Further, Plaintiff argues that the probative value does not substantially

21   outweigh their prejudicial effect.  Defendant argues that Plaintiff's convictions for welfare fraud

22   and providing false identification are clearly relevant to Plaintiff's credibility.

23         The Court finds two of Plaintiff's convictions to be potentially admissible under Rule

24   609.  The first conviction would be Plaintiff's September 22, 2006 felony conviction for welfare

25

26   [1] To the extent that Plaintiff seeks to exclude evidence of Michael Eugene Dozer's periods of incarceration, the
Court finds that this issue is appropriately addressed during the trial of the matter and considered in the context for
27   which the testimony would be offered.  Some evidentiary issues are not accurately and efficiently evaluated by the
trial judge in a motion in limine and it is necessary to defer ruling until during trial when the trial judge can better
28   estimate the impact of the evidence on the jury.  Jonasson v. Lutheran Child and Family Services, 115 F.3d 436,440
(7th Cir. 1997).

fraud which would fall under Rule 609(a)(1).  Secondly, Rule 609(a)(2) provides that, regardless of the punishment, a conviction for a crime "must be admitted if the court can readily determine that establishing the elements of the crime required proving--or the witness's admitting--a dishonest act or false statement."  Plaintiff's misdemeanor convictions of March 15, 2000 for destroying/concealing evidence and providing false identification to a police officer, fall within section 609(a)(2).

It has been more than ten years since Plaintiff was convicted of felony welfare fraud and Defendants have presented no evidence that Plaintiff was incarcerated which would extend the ten year period for which this conviction would be admissible under Rule 609(b).  Absent evidence that Plaintiff was released less than ten years prior to the date of trial, the Court finds that Plaintiff's conviction for welfare fraud is not admissible under section 609(a).

Pursuant to 609(b)(1) these convictions are admissible if their probative value substantially outweighs their prejudicial effect.  Defendants argue that these convictions are probative as impeachment evidence because they are clearly crimes of dishonesty and "go to the issue" of Plaintiff's credibility and damages.  Plaintiff counters the crimes have little probative value as she is not a fact witness to this action.  If Plaintiff testifies in this action, her credibility will be as issue regardless of the fact that she was not a witness to the events at issue.  Plaintiff contends that evidence that she has these prior convictions could inflame the jury and cause them to render a verdict for Defendants or award a lesser amount of damages due to her "bad character" as opposed to coming to a verdict based on the evidence in this action.

Any prejudice based upon a prior conviction can be addressed by a jury instruction.  Generally, the Court instructs pursuant to Ninth Circuit Model Civil Jury Instruction 2.8 that "the evidence that a witness has been convicted of a crime may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose."

The Court finds that this instruction is sufficient to address Plaintiff's concerns regarding any prejudice due to improper use of the convictions by the jury.  Therefore, the Court finds that the prejudicial effect of the evidence does not substantially outweigh the probative value of the

convictions.  Plaintiff's motion to exclude her prior convictions is granted in part.  Defendants may use Plaintiff's prior felony conviction for welfare fraud and misdemeanor convictions for destroying/concealing evidence and providing false identification to a police officer as impeachment evidence if Plaintiff testifies at trial.

Defendant also contends that all Plaintiff's crimes and the time that Plaintiff spent in prison are relevant to damages as it would call into question the closeness of her relationship with the decedent.  The Court does not find that Plaintiff's criminal history by itself has any relevance to Plaintiff's relationship with the decedent.  However, the fact that decedent's mother spent time in prison may have impacted her relationship with decedent and would be relevant to the issue of damages.

Under California law, designated surviving relatives can recover pecuniary losses caused by the death noneconomic damages for being deprived of the decedent's society and comfort.  Garcia v. Superior Court, 42 Cal.App.4th 177, 186–87 (1996).  Plaintiff is seeking such damages in this action.  (First Am. Compl. ¶ 45, ECF No. 24.)  The Court finds that admissibility of the time Plaintiff spent in prison is not able to be determined on a motion in limine.  Accordingly, the Court shall defer ruling until after Plaintiff testifies in this action.  However, prior to raising the time Plaintiff spent in prison, Defendant shall address the issue outside the presence of the jury and be prepared to provide an offer of proof as to why the time Plaintiff spent in prison would be admissible evidence in this action.

**B.     Defendants' Motions in Limine**

Defendants bring motions in limine to exclude testimony regarding the circumstances leading to the termination of Defendant Stringer, City of Bakersfield defending or indemnifying Defendant Stringer, pre-death photographs or video of decedent, post-death graphic photographs of decedent, reference to Defendant Stringer and decedent by name; inflammatory terms; and reference to wrongdoing by other officers.

1.     Evidence Regarding Incident Involving Ramiro Villegas

As discussed at the October 6, 2016 hearing, the parties shall be granted an opportunity to file a supplemental brief addressing the admissibility of the statement by a trainee that Defendant

1   Stringer instructed her to make a false statement.   Therefore, the Court shall defer ruling on

2   Defendants' motion in limine no. 1.

3          Rule 608(b) of the Federal Rules of Evidence provides that

4          Except for a criminal conviction under Rule 609, extrinsic evidence is not
           admissible to prove specific instances of a witness's conduct in order to attack or
5          support the witness's character for truthfulness.   But the court may, on cross-
           examination, allow them to be inquired into if they are probative of the character
6          for truthfulness or untruthfulness of:  (1) the witness . . . .

7   Fed. R. Evid. 608(b).   During the October 6, 2016 hearing Plaintiff indicated the intent to call a

8   witness to testify to the incident.   However, while the opposing party may impeach a witness

9   with  specific  incidents  of  conduct  that  are  probative  of  his  character  for  truthfulness  or

10  untruthfulness if he has a good faith basis for the questioning, the party is precluded by Rule

11  608(b) from offering extrinsic evidence concerning the incident in question.   <u>United States v.</u>

12  <u>Crowley</u>, 318 F.3d 401, 418 (2d Cir. 2003) <u>United States v. Estell</u>, 539 F.2d 697, 700 (10th Cir.

13  1976) ("[t]he showing must be in the form of cross-examination of the witness himself; extrinsic

14  evidence may not be introduced.")

15          In addressing the admissibility of the statement of the trainee, Plaintiff shall specifically

16  address  whether  608(b)  limits  the  specific  act  evidence  to  propounding  the  question  as  to

17  whether the incident occurred or what authority allows extrinsic evidence of the incident to be

18  admitted at trial.

19          2.      <u>Evidence  that  Defendant  Stringer  Was  Terminated  by  the  Bakersfield  Police</u>
                    <u>Department</u>
20
            Defendants move to exclude evidence that as a result of the November 2014 incident at
21
    Kern Medical Center, Defendant Stringer was terminated by the Bakersfield Police Department.
22
    Plaintiff does not address the motion to exclude evidence of Defendant Stringer's termination.
23
            The  Court  finds  that  evidence  that  Defendant  Stringer  was  terminated  from  the
24
    Bakersfield Police Department does not make any fact at issue in this action more or less
25
    probable.   Therefore, his termination is not relevant in this action.   Accordingly, Defendant's
26
    motion to exclude evidence that Defendant Stringer was terminated by the Bakersfield Police
27
    Department is granted.
28

3.    Reference that City of Bakersfield is Defending or Indemnifying Defendant Stinger

Defendants seek to exclude any reference that the City of Bakersfield is defending and/or indemnifying Defendant Stinger.  Plaintiff does not oppose the motion but responds that if Defendants infer that Defendant Stinger would have to pay non-punitive damages the jury could award lesser damages.

Here, the fact that the City of Bakersfield is defending or indemnifying Defendant Stinger is not relevant to liability in this matter.  Further, evidence that the City of Bakersfield is defending or indemnifying Defendant Stinger is not admissible on the issue of damages.  Larez v. Holcomb, 16 F.3d 1513, 1520 (9th Cir. 1994).  Defendant's motion to exclude reference that the City of Bakersfield is defending or indemnifying Defendant Stinger is GRANTED.

4.    Introduction of Pre-Death Photographs or Videos of Decedent

Defendants contend that Plaintiff has produced a video with pictures of Decedent as a child which is intended to elicit the sympathy of the jury.  Plaintiff responds that the pre-death photographs and video of Decedent are clearly relevant to the issue of damages as she is seeking wrongful death damages for loss of the decedent's love, companionship, comfort, care, assistance, protection, affection, society, and moral support in this action.  Plaintiff alleges that these photographs are probative of the relationship between Plaintiff and Decedent.

The Court has reviewed the documents attached as Exhibit A to Defendants' motions in limine and notes that the pictures generally depict the decedent as a baby, young child, and teenager.  (ECF No. 45.)  While these pictures are relevant to Plaintiff's damages, the Court finds that Defendant is also correct that they would prejudice Defendants by placing the image of the decedent as an innocent child in front of the jury thereby running the risk of eliciting the sympathy of the jury and not accurately representing the decedent on the day of the incident at issue in this action.  See Estate of Jaquez v. Flores, No. 10 CIV 2881 (KBF), 2016 WL 1060841, at *12 (S.D.N.Y. Mar. 17, 2016) (precluding use for non-damage purposes of pre-incident photographs which would clearly serve to elicit sympathy from the jury).  For these reasons, the Court finds that these images should be excluded prior to the jury making a determination

1  regarding liability in this action.

2       This action is an excessive force and wrongful death action in which Plaintiff was not a

3  witness.  Some of the parties' motions in limine address evidence that will only be relevant to the

4  damages in this action, such as the matter at issue here.  Rule 42 of the Federal Rules of Civil

5  Procedure allows a court to order a separate trial of one or more separate issues.  Fed. R. Civ. P.

6  42(b).  Accordingly, the Court finds this action should be bifurcated into liability and damages

7  phases for trial.  See Estate of Diaz v. City of Anaheim, __ F.3d __, 2016 WL 4446114, at *7

8  (9th Cir. Aug. 24, 2016) (finding abuse of discretion not to bifurcate trial where prejudicial

9  evidence was relevant only to issue of damages).  This will address many of the issues raised in

10  the motions in limine regarding Plaintiff's concern that prior bad acts could bias the jury against

11  her and Defendants' concern that they will be prejudiced should the photographs of Decedent as

12  a child improperly characterize the decedent and elicit the sympathy of the jury.  Further, if the

13  jury finds that Defendants are not liable then the presentation of damage evidence will not be

14  necessary and bifurcating the damages will prevent needless presentation of evidence.

15       During the October 6, 2016 hearing, Plaintiff indicated that she may limit the

16  presentation to only five to six photographs.  While this may address some of the prejudice that

17  would result from the presentation of the videos attached to Defendants' motion, any such

18  photographs which represent the decedent in his infancy and childhood run the risk of prejudice

19  addressed above.  Therefore, the Court finds that if such evidence is presented to the jury it is

20  appropriate to bifurcate the trial.  During the jury instruction conference the parties shall meet

21  and confer regarding an instruction to the jury that this action is to be bifurcated.

22       Accordingly, Defendants' motion to preclude introduction of pre-death pictures or videos

23  of the decedent is DENIED.[2]  However, no such photographs of Decedent may be presented to

24  the jury prior to the completion of the liability phase.

25       5.   Post-Death Photographs of Decedent

26       Defendants seek to exclude graphic post-death photographs of decedent.  Plaintiff does

27

28  [2] The Court does not address whether some of the evidence attached to Defendants' motion would be excluded as being cumulative.

1   not oppose the motion.   Accordingly, Defendants' motion to exclude graphic post-death

2   photographs of Decedent is GRANTED.

3           6.      Require Reference to Decedent and Defendant Stringer by Name

4           Defendants request that all persons in the courtroom be referred to by name and the

5   parties be directed not to use terms such as "shooter", "killer", or "victim" as they improperly

6   imply the use of force and are argumentative and prejudicial.   Plaintiff does not oppose the

7   motion as it refers to the terms killer, but does oppose exclusion of the terms shooter and victim.

8   Plaintiff asserts that there is nothing inflammatory about the use of the terms shooter and victim.

9           The Court will not allow the parties to use inflammatory terminology to inflame the

10  passions of the jury.   The Court's trial conduct and decorum directs, "Refer to all persons,

11  including witnesses, other counsel, and parties, by their surnames and not by their first or given

12  names."   See Trial Conduct and Decorum located at http://www.caed.uscourts.gov under Judges;

13  United States Magistrate Judge Stanley A. Boone (SAB).   The Court shall extend this to apply to

14  all references to the decedent and Defendant Stringer.   Defendants' motion to require all persons

15  to be referred to by name and to exclude the use of the terms shooter, killer, and victim is

16  granted.   Counsel shall direct all witnesses that Defendant Stringer is to be referred to as Officer

17  Stringer and the decedent is to be referred to as Mr. Dozer or the decedent.

18          7.      Inflammatory Terms

19          Defendants also move to exclude inflammatory terms such as "murder", "homicide", and

20  "killed".   Defendants similarly contend that such terms are inflammatory and argumentative and

21  only will serve to inflame the passions of the jury.   Plaintiff contends the the manner of

22  decedents death is reflected in the autopsy report as a homicide and the definition of homicide is

23  the killing of one human being by another.

24          While Plaintiffs argue that this action cannot be tried without making reference that a

25  death occurred as a result of a shooting, it is the manner in which this is presented to the jury that

26  is at issue.   The Court finds that the manner of death does not require the use of the terms murder

27  or homicide.   Referring to the incident in this manner is argumentative and likely to inflame the

28  passions of the jury.   In referring to the manner of death, the parties shall limit the terminology to

1   a death by shooting, died as a result of the shooting, or similar language.  Counsel is to direct all

2   witnesses to refrain from using inflammatory terms such as "murder", "homicide", and "killed".

3   Defendants' motion to exclude the use of inflammatory terms in referring to the death of the

4   decedent is granted.

5          8.      Reference to Damacio Diaz and/or Patrick Mara

6          Defendants seek to exclude any reference to the wrongdoing of former Bakersfield police

7   officers Damacio Diaz and/or Patrick Mara.  Defendants argue these officers were not involved

8   in the events leading up to this case and their wrongful conduct has nothing to do with the issues

9   presented.  Plaintiff argues that Mr. Diaz interviewed two of the witnesses to this action and the

10  charges and circumstances leading up to the charges are proper impeachment evidence if he

11  testifies in the trial of this action.[3]

12         Mr. Diaz was charged with conspiracy to distribute and possess with the intent to

13  distribute methamphetamine, federal programs bribery, intentional disclosure of wiretap

14  information to obstruct a criminal investigation, and making and subscribing a false tax return.

15  (ECF No. 50-1.)  On May 26, 2016, Mr. Diaz entered into a plea agreement.  (ECF No. 50-1 at

16  41.)  He agreed to plead guilty to federal programs bribery, possession with attempt to distribute

17  methamphetamine, and making and subscribing a false tax return.  (Id. at 31.)  On May 31, 2016,

18  Mr. Diaz entered a guilty plea to these charges and is pending sentencing.  (Id. at 50.)  These are

19  proper areas of impeachment should Mr. Diaz testify in the trial of this action.  However, the

20  facts relating to the charges are irrelevant in this action and introduction of them would be highly

21  prejudicial to Defendants as they could impute the wrongdoings of other officers within the

22  Department to Defendant Stinger.  Further, allowing introduction of the circumstances of the

23  charges against Diaz and Mara would create a trial within a trial and would result in the waste of

24  the jury's time on issues that are not relevant to those to be decided here.  The Court finds that

25  the danger of prejudice to Defendants and the unnecessary consumption of time substantially

26  outweighs the probative value of the circumstances surrounding the charges.

27  _____

28  [3] The Court grants Plaintiff's request to take judicial notice of the court records regarding the charges against Mr. Mr. Diaz.

1    Accordingly, Defendants' motion to exclude reference to the wrongdoing of former

2 Bakersfield police officers Damacio Diaz and/or Patrick Mara is granted in part.  Plaintiff may

3 not make reference to the wrongdoing of Damacio Diaz or Patrick Mara, except that Mr. Diaz's

4 felony convictions may be used for impeachment purposes if Mr. Diaz testifies.

## IV.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motions in limine are GRANTED IN PART AND DENIED IN PART as follows:

   a. Plaintiff's motion in limine no. 1 to exclude evidence that no criminal charges were filed and no discipline was implemented against Defendant Stringer based upon the subject incident is GRANTED;

   b. Plaintiff's motion in limine no. 2 to exclude evidence of prior bad acts of decedent is GRANTED;

   c. Plaintiff's motion in limine no. 3 to exclude evidence of prior bad acts of Michael Eugene Dozer is GRANTED IN PART AND DENIED IN PART.  If Mr. Dozer testifies his his June 17, 2015 conviction for violation of California Penal Code section 487(a) is admissible impeachment evidence, however, his other criminal history is inadmissible for the purposes of impeachment in this action;

   d. Plaintiff's motion in limine no. 4 to exclude evidence of prior bad acts of Plaintiff is GRANTED IN PART AND DENIED IN PART.  Defendants may use Plaintiff's prior felony conviction for welfare fraud and misdemeanor convictions for destroying/concealing evidence and providing false identification to a police officer as impeachment evidence if Plaintiff testifies at trial;

2. Defendants' motions in limine are GRANTED IN PART AND DENIED IN PART as follows:

   a. Defendants' motion in limine no. 2 to exclude evidence that Defendant Stringer was terminated from the Bakersfield Police Department is GRANTED.

b.      Defendants' motion in limine no. 3 to exclude any reference that the City of Bakersfield is defending or indemnifying Defendant Stringer is GRANTED;

c.      Defendants' motion in limine no. 4 to preclude introduction of pre-death pictures or video of decedent is DENIED;

d.      Defendants' motion in limine no. 5 to preclude introduction of graphic post-death photographs of the decedent is GRANTED;

e.      Defendants' motion in limine no. 6 to require all persons addressed in court to be referred to by name and to exclude the use of inflammatory terms is GRANTED;

f.      Defendants' motion in limine no. 7 to preclude the use of inflammatory terms in describing the death of decedent is GRANTED;

g.      Defendants' motion in limine no. 8 to exclude reference to the wrongdoing of former Bakersfield police officers Damacio Diaz and/or Patrick Mara is GRANTED IN PART.  Plaintiff may not make reference to the wrongdoing of Damacio Diaz or Patrick Mara, with the exception that Mr. Diaz's felony convictions may be used for impeachment purposes if Mr. Diaz testifies in this action;

3.      The Court shall defer ruling on Defendants' motion in limine no. 1.  The Court sets a supplemental briefing schedule as follows:

a.      Defendant shall file a supplemental brief **on or before 5:00 p.m. on Monday, October 10, 2016**, addressing the admissibility of evidence that Defendant Stringer instructed a trainee to falsify information during an investigation;

b.      Plaintiff shall file a supplemental opposition **on or before 5:00 p.m. on Wednesday, October 12, 2016**;

4.      Plaintiff shall file an opposition to Defendants' motion in limine filed on October 6, 2016 **on or before Wednesday, October 12, 2016**; and Defendants shall file a reply, if any, **on or before Thursday, October 13, 2016**;

5.      Counsel are directed to advise all witness of the rulings in this order to ensure that all witness comply with the rulings;

1   6.  The trial of this action shall be bifurcated into two phases.  In the first phase of the

2      trial the jury shall determine liability.  If the jury finds Defendants liable, then the

3      trial shall proceed to a second phase to address damages.

IT IS SO ORDERED.

Dated: __October 6, 2016__

              UNITED STATES MAGISTRATE JUDGE

17